and immunities, and if such interference was with the intent to solely affect the colored persons named in the indictment, as a class, and on account of their color, this charge of the indictment is made out.

The government, through a grand jury, has accused the defendants of the crime charged. For the purpose of the trial, the defendants are considered innocent. The government must prove the charges, and satisfy your minds as to the guilt of the defendants, or two or more of them, beyond a reasonable doubt. By a reasonable doubt is meant the wavering of the mind in coming to a conclusion, from the evidence, as to the guilt or innocence of the party charged. If, on a careful examination of the whole testimony in the case, your mind shall be in hesitation or doubt as to the guilt or innocence of all or any of the parties, you shall acquit all, or such regarding whom you have such doubt. If you are satisfied beyond such doubt of the guilt of two or more of the defendants, you should find a verdict of guilty as to such, about whom you have no doubt.

You are the sole judges of the weight, under the law as laid down by the court, you will give to the facts testified to, and of the credibility of the witnesses. Of the credibility of the witnesses, you must judge as men who are familiar with the affairs of life. Before you, on the one side, is a class of witnesses who, but a short time since, were denied the right to testify against their former masters, the whites. As witnesses, we have had but little experience with them. Whether flaws in their moral character will similarly affect their character as to truth and veracity when upon the witness stand, as we suppose of whites, you must judge. Their conduct on the witness stand, the promptness and directness, the intelligence with which they answered or failed to answer inquiries made of them in your presence, are proper to be considered in estimating their credibility. On the other hand, you have their former masters, whites, testifying against them. How far they may, unknown to themselves, possibly be influenced by prevailing prejudices, you are to judge. I can but ask you to give these matters the most careful consideration.

In reference to the alibi undertaken to be shown by the defendants, I call your attention to the fact that it is a defense which is set up by the defendants, and must be made out by them to your satisfaction. The law regarding the strength or weakness of the alibi made out by the facts and circumstances testified to has been so fairly presented, on both sides, in the arguments of counsel, that I need not further allude to it. You are authorized to find all or as many of the defendants guilty, or not guilty, as you, in your judgment, in the application of the law as given you by the court, applied to the facts and circumstances testified to, may determine.

## Case No. 14,604.

### UNITED STATES v. BLACKLOCK.

[2 Cranch, C. C. 166.] [1]

Circuit Court, District of Columbia. April Term, 1819.

UNITED STATES—RIGHT TO SUMMARY JUDGMENT—RECEIVERS OF PUBLIC MONEY.

The right of the United States to summary judgment, under the act of congress of the 3d of March, 1797, c. 74, § 3 [1 Story's Laws, 464; 1 Stat. 514, c. 20], "to provide more effectually for the settlement of accounts between the United States and receivers of public money," does not extend to suits brought by the United States as indorsees of promissory notes.

Assumpsit by the United States against the defendant as indorser of a promissory note.

Mr. Jones, for the United States, claimed a summary judgment, at the return term, upon motion, according to the 3d section of the act of congress of the 3d of March, 1797 (1 Stat. 512), to provide more effectually for the settlement of accounts between the United States and receivers of public money.

Mr. Taylor, for defendant, objected that the act relates only to such receivers of public money as are accountable agents, such as have been intrusted with public money to account therefor, whose accounts are to be adjusted at the treasury of the United States, who may be entitled to commissions, and whose commissions may be forfeited. The third section refers only to such receivers of public money as are designated by the first section.

And THE COURT (THRUSTON, Circuit Judge, absent), being of that opinion, overruled the motion.

## Case No. 14,605.

### UNITED STATES v. BLADEN.

[1 Cranch, C. C. 548.] [1]

Circuit Court, District of Columbia. July Term, 1809.

HOMICIDE—DEATH OUT OF JURISDICTION.

If the mortal stroke be given in Alexandria, and the death happen in Maryland, this court has not jurisdiction of the offence as a homicide, but has jurisdiction of the assault and battery.

[Cited in U. S. v. Mortimer, Case No. 15,821.]

Indictment for manslaughter. The right of peremptory challenge was allowed.

The mortal blow was given in Alexandria, the death happened in St. Mary's county, in Maryland.

E. J. Lee and R. J. Taylor, for prisoner, contended that the crime was not punishable here, and cited 1 East, P. C. 361; 1 Hawk. P. C. c. 31, §§ 12, 13; Va. Law, Nov. 29, 1792, p. 104, c. 73, § 16.

Mr. Jones, for the United States. There is no evidence of the defect of the common law, but the recital of the statute of 2 & 3 Edw. VI. c. 24. And the common law was

---

[1] [Reported by Hon. William Cranch, Chief Judge.]